In re: **Luther Larrell Castro**
**Catherine Patrice Castro**

Case No. 09-52185

**Chapter 13 Plan**

Debtor(s).

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee, and the Debtor(s) will pay to the Trustee the sum of __764.00__ each month. Initial attorneys fees are requested in the amount of $__4,300.00__.
   ___ Debtor(s) elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements as follows:
   (a) On allowed claims for expenses of administration required by 11 U.S.C. § 507 (a)(2) in deferred payments.
   (b) On allowed secured claims, which shall be treated and valued as follows:

   | Name | Value of Collateral | Estimated Mortgage/Lease Arrears | Adequate Protection Payments (If specified) | Interest Rate (If Specified) |
   |---|---|---|---|---|
   | **AM Federal Credit Union** | 8,350.00 | | 419.00 | 5.50 |
   | **GE Money Bank** | 1,000.00 | | 0.00 | 0.00 |
   | **Levitz Furniture** | 3,500.00 | | 0.00 | 0.00 |

   [The valuations shown above will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less, and will be paid the adequate protection payments and the interest rates shown above. If an interest rate is not specified, 7% per annum will be paid. The remainder of the amount owing, if any, will be allowed as a general unsecured claim paid under the provisions of ¶ 2(d).]

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. § 507.
   (d) On allowed general unsecured claims as follows:
      __X__ at a rate of __18__ cents on the dollar. The estimated term of the plan is __60__ months. (Percentage Plan)
      ____ the sum of ____ payable over ____ months, distributed pro rata, in amounts determined after allowed administrative, secured and priority unsecured claims are paid. The plan payments will continue at the highest monthly payment provided in ¶ 1 as necessary to pay all allowed administrative, secured and priority unsecured claims within sixty months of confirmation. (Pot Plan)

3. The debtor(s) elect to reject the following executory contracts or leases and surrender to the named creditor(s) the personal or real property that serves as collateral for a claim. The debtor(s) waive the protections of the automatic stay and consent to allow the named creditor(s) to obtain possession and dispose of the following identified property or collateral without further order of the court. Any allowed unsecured claim for damages resulting from the rejection will be paid under paragraph 2(d).
   **-NONE-**

4. The Debtor(s) will pay directly the following fully secured creditors and lessors or creditors holding long-term debt:

   | Name | Monthly Payment |
   |---|---|
   | **Washington Mutual** | 3,179.35 (variable) |
   | **Washington Mutual** | 239.68 (variable) |

5. The date this case was filed will be the effective date of the plan as well as the date when interest ceases accruing on unsecured claims against the estate.

6. The Debtor(s) elect to have property of the estate:
   ___ revest in the debtor(s) at such time as a discharge is granted or the case is dismissed.
   __X__ revest in the debtor(s) upon plan confirmation. Once property revests, the Debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose pursuant to 11 USC § 1322(b)
   **The automatic stay of 11 U.S.C. Section 362(a) shall remain in effect until a discharge is granted or the case is dismissed unless otherwise ordered by the bankruptcy court.**

| /s/ Luther Larrell Castro | 03/27/09 | /s/ Catherine Patrice Castro | 03/27/09 |
|---|---|---|---|
| Debtor's Signature | Date | Joint Debtor's Signature | Date |

I, the undersigned, am the attorney for the above named Debtor(s) and hereby certify that the foregoing chapter 13 plan is a verbatim replica of pre-approved chapter 13 plan promulgated pursuant to B.L.R. 1007-1 for use in the San Jose Division.

Dated: 03/27/09

/s/ David B. Rao
**David B. Rao #103147**
Attorney for Debtor(s)

Rev. 10/05 (This certification must be signed for any Model Chapter 13 Plan generated by WordPerfect, Word, or other word processing program.)

# Notice to Creditors Regarding Plan Provisions

**Binding Effect of the Plan:** The plan will be binding upon creditors if approved at a confirmation hearing. You should review the plan carefully as your legal rights may be affected. You may wish to seek legal advice to understand its terms and to protect your rights.

**Written Objection to Confirmation:** If you disagree with the terms of this plan, you must file a written objection with the U.S. Bankruptcy Court by the date of the Meeting of Creditors and serve it upon the trustee and debtor's attorney or, if not represented by an attorney, the debtor. If you fail to file a timely written objection to confirmation of this plan and the plan is confirmed by the court, you will be bound by its terms.

**Plan Payment:** The debtor must make the first payment proposed by the plan within 30 days after the plan is filed or the order for relief is entered, whichever is earlier, or the case may be dismissed without further notice.

**Proof of Claim:** To receive payments, you must file a proof of claim. You may file the proof of claim electronically if you are a registered participant for electronic filing. If not, a blank claim form is enclosed for your use. The form must be fully executed, legible and you must attach any required documentation. It must be filed with the court and served upon the debtor's attorney, or, if not represented by an attorney, the debtor.

**Distribution of Funds:** Payments will be disbursed by the chapter 13 trustee consistent with 11 U.S.C. § 1326(b)(1) and according to the plan. Creditors secured by personal property will receive adequate protection payments, contemporaneous with other administrative claims. Non-administrative priority and unsecured claims under § 507 will be made in their order of priority. Payments must be credited in accordance with the terms of the plan and § 524(i).

**Treatment of Secured Claims:** The valuations shown will be binding unless a timely objection to confirmation is filed. Secured claims will be allowed for the value of the collateral or the amount of the claim, whichever is less. The remaining balance of any partially-secured claim will be treated as a general unsecured claim. If the time value of money (interest rate) is not specified, it will be paid at an annual rate of seven percent (7%).

**Adequate Protection Payments:** Subject to the trustee's monthly disbursement cycle, the trustee will disburse adequate protection payments commencing within 30 days after a proof of claim is properly filed, documenting the nature and extent of a claimed lien. Adequate protection payments may be no less than the monthly depreciation of the collateral.

UNITED STATES BANKRUPTCY COURT
*for the*
NORTHERN DISTRICT OF CALIFORNIA
San Jose Division

# Order Establishing Procedures for Objection to Confirmation

1. **Hearing Date, Time and Place**: If an objection to confirmation is filed, a PREHEARING CONFERENCE will be held at the date and time announced at the initial confirmation hearing. Parties may confirm the date by checking the minute order on the court's docket, which indicates "Hearing Continued" in reference to the confirmation hearing. Individuals not represented by counsel may also contact the trustee to learn the continued date.

2. **Procedures for Early Resolution**: As soon as the objection is resolved, counsel for the debtor is to prepare and forward to the trustee a statement of resolution, which the trustee will set on the court's earliest available calendar.

3. **Procedures for Prehearing Conference**: Each party objecting to confirmation and counsel for the debtor are ordered to confer regarding resolution of the objection. Debtor's counsel, or the debtor if unrepresented, must contact the objecting party within ten days of receipt of the objection in a good faith effort to resolve the objection. At least 14 calendar days prior to the prehearing conference and each continued hearing, counsel for the debtor must file and serve a prehearing statement with the court indicating:
   a. The date the objection was filed, the date of the initial conference between counsel to resolve the objection and the dates of all subsequent contacts regarding resolution of the objection;
   b. A precise and separate statement of each factual and legal issue that must be determined to resolve the objection;
   c. Proposed discovery and/or briefing schedules and proposals for alternative dispute resolution;
   d. For continued hearings, developments since the last hearing and the current status.

4. **Sanctions**: Failure of a party to comply timely with this order may result in the exclusion of evidence, the imposition of monetary or non-monetary sanctions, possible dismissal of the case, or striking of the objection to confirmation.

**IT IS SO ORDERED:**

_____
MARILYN MORGAN
United States Bankruptcy Judge

_____
ARTHUR WEISSBRODT
United States Bankruptcy Judge

_____
ROGER L. EFREMSKY
United States Bankruptcy Judge

# CERTIFICATE OF NOTICE

```
District/off: 0971-5          User: ctafolla           Page 1 of 1              Date Rcvd: Apr 08, 2009
Case: 09-52185                Form ID: pdfpln          Total Served: 28

The following entities were served by first class mail on Apr 10, 2009.
db/jdb     +Luther Larrell Castro,   Catherine Patrice Castro,   1364 Carrie Lee Way,
             San Jose, CA 95118-1403
smg         CA Employment Development Dept.,   Bankruptcy Group MIC 92E,   P.O. Box 826880,
             Sacramento, CA 94280-0001
smg         CA Franchise Tax Board,   Attn: Special Procedures,   P.O. Box 2952,   Sacramento, CA  95812-2952
smg         Secretary of The Treasury,   15th and Pennsylvania Ave. NW,   Washington, DC  20220-0001
smg        +State Board of Equalization,   Attn: Special Procedures Section, MIC:55,   P.O. Box 942879,
             Sacramento, CA 94279-0001
9845908     AT&T,   P.O. Box 44167,   Jacksonville, FL 32231-4167
9845909     Best Buy,   Retail Services,   P.O. Box 60148,   City Of Industry, CA 91716-0148
9845910     Chase,   Cardmember Service,   P.O. Box 94014,   Palatine, IL 60094-4014
9845911     Chase,   P.O. Box 94014,   Palatine, IL 60094-4014
9845912     Citi Cards,   P.O. Box 6406,   The Lakes, NV 88901-6406
9845913    +Citibank,   c/o Northland Group, Inc.,   P.O. Box 390905,   Mail Code CBK2,
             Edina, MN 55439-0905
9845916    +Discover,   c/o Capital Management Services, LP,   726 Exchange Street, Ste. 700,
             Buffalo, NY 14210-1464
9845914     Discover,   P.O. Box 78065,   Salt Lake City, UT 84130-0395
9845917     Etrade Financial,   P.O. Box 5721,   Hicksville, NY 11802-5721
9845919    +Home Depot,   P.O. Box 6028,   The Lakes, NV 88901-6028
9845921    +Levitz Furniture,   P.O. Box 60107,   City Of Industry, CA 91716-0107
9845922     Sears Credit Cards,   P.O. Box 6937,   The Lakes, NV 88901-6937
9845925     Washington Mutual,   P.O. Box 660487,   Dallas, TX 75266-0487
9845923    +Washington Mutual,   P.O. Box 78148,   Phoenix, AZ 85062-8148
9845924     Washington Mutual,   P.O. Box 78065,   Phoenix, AZ 85062-8065
9845926     Washinton Mutual,   P.O. Box 660487,   Dallas, TX 75266-0487
The following entities were served by electronic transmission on Apr 09, 2009.
reqntc      E-mail/PDF: rmscedi@recoverycorp.com Apr 09 2009 07:03:42
             GE Money Bank c/o Recovery Management Systems Corp,   25 SE 2nd Avenue, Suite 1120,
             Miami, FL  33131-1605
9845907     E-mail/PDF: CCOLEMAN@AMFCU.ORG Apr 09 2009 07:03:46     AM Federal Credit Union,
             101 W. Walnut Street,   Gardena, CA 90248-3103
9845915     E-mail/PDF: mrdiscen@discoverfinancial.com Apr 09 2009 07:05:25     Discover,   P.O. Box 30395,
             Salt Lake City, UT 84130-0395
9869763     E-mail/PDF: mrdiscen@discoverfinancial.com Apr 09 2009 07:05:25     Discover Bank,
             DFS SERVICES LLC,   PO BOX 3025,   NEW ALBANY, OHIO  43054-3025
9845918     E-mail/PDF: gecsedi@recoverycorp.com Apr 09 2009 07:03:04     GE Money Bank,   P.O. Box 960061,
             Orlando, FL 32896-0061
9870387     E-mail/PDF: gecsedi@recoverycorp.com Apr 09 2009 07:03:09     GE Money Bank,
             c/o Recovery Management Systems Corp.,   Attn: Ramesh Singh,   25 SE 2nd Avenue, Suite 1120,
             Miami, FL  33131-1605
9845920     E-mail/PDF: gecsedi@recoverycorp.com Apr 09 2009 07:03:15     JCPenney,   P.O. Box 960090,
             Orlando, FL 32896-0090
                                                                                              TOTAL: 7

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 9):** Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Apr 10, 2009**             **Signature:**    *Joseph Speetjens*